UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT BURNETT,

              Plaintiff,                 CIVIL ACTION NO. 08-11764

        v.                       DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN DEPARTMENT OF       MAGISTRATE JUDGE MARK A. RANDON
CORRECTIONS, PATRICIA
CARUSO, SUSAN DAVIS, ROY
RYDER, JOSHUA ZUSSMAN,
DONACIANO MARTINEZ, LYNN
SIDUN and STEVEN TROSZAK,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"),
filed this action under 42 U.S.C. § 1983, alleging that multiple defendants violated his constitutional
rights.  Presently before the court is the motion to dismiss of Defendants MDOC and its Director,
Patricia Caruso, for failure to state a claim.  For the reasons discussed below, the undersigned
recommends that the motion be GRANTED, but that Plaintiff be permitted to file a second amended
complaint as set forth below.

**Discussion**

**A.**     **Background**

      Plaintiff alleges that on April 18, 2006 and April 28, 2006, he was beaten by four corrections
officers (collectively referred to as "the Officers") while a prisoner at Huron Valley Men's Facility

("HVM").  He has brought suit against the Officers, the HVM Warden and Deputy Warden, the MDOC, and MDOC Director, Patricia Caruso.  As to Defendants MDOC and Caruso, Plaintiff complains that they: 1) failed to properly control and supervise the Officers (Dkt. No. 21, ¶ ¶ 2-3), 2) should have been on notice that the Officers presented a significant risk of injury to Plaintiff (Dkt. No. 21, ¶ 66), and 3) refused to process Plaintiff's grievance regarding the assault, thereby preventing him from exhausting his administrative remedies (Dkt. No. 21, ¶ 79).

Plaintiff's First Amended Complaint seeks relief against MDOC and Caruso for violation of his Fifth, Eighth, and Fourteenth Amendment rights and for negligence.  However, Plaintiff now insists that the relief sought against MDOC and Caruso is limited to prospective injunctive relief, and requests leave to amend if the Court finds that this limited relief was not clearly articulated. (Dkt. No. 31, p. 1)

**B.      Legal Standard - Failure to State a Claim**

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

- 2 -

**C.     Plaintiff's Claims Against the MDOC Should be Dismissed**

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute, and third "a federal court may enjoin a 'state official' from violating federal law." *Id. at 334-335* (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Plaintiff contends that both the MDOC and Defendant Caruso may be properly sued for prospective injunctive relief under the third (*Ex parte Young*) exception. However, "injunctive relief is available. . .only against state officers-not the state itself-who violate federal law." *Lawson,* at 335 (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)). Therefore, Plaintiff has failed to state a claim against the MDOC upon which relief may be granted under § 1983, and the MDOC should be dismissed from this lawsuit.

**D.     Plaintiff's Claims Against Defendant Caruso Should be Dismissed**

With the exception of prospective injunctive relief, § 1983 claims against state officials in their official capacity are also barred by the Eleventh Amendment as claims against the state itself. *Will*, 491 U.S. at 71. In determining whether a complaint states a claim against a state official for

- 3 -

prospective injunctive relief, the reviewing court should conduct "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring).  Contrary to Defendants' assertion, in making this inquiry, the court should not analyze the merits of the claim.  *Verizon Maryland Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 646 (2002).

Plaintiff's First Amended Complaint does contain paragraphs characterizing the relief sought against Defendant Caruso as prospective. (Dkt. No. 21,¶ 98 and p. 19-20 d, e, and f).  However, to defeat Defendants' motion to dismiss, Plaintiff must also allege a continuing violation of federal law to enjoin.  *Green v. Mansour*, 474 U.S. 64, 73 (1985).  Although a single paragraph of the First Amended Complaint *implies* the existence of "continuing violations" of Plaintiff's constitutional rights (Dkt. No. 21,¶ 98), the nature of these ongoing or threatened violations is unspecified.  For example, while Plaintiff's First Amended Complaint was filed in March of 2009, it fails to allege any assault, threats of assault, or attempts to frustrate his ability to exhaust his administrative remedies since the alleged incidents in April of 2006 (or shortly thereafter in the case of his administrative remedies).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (citations omitted).

- 4 -

Accordingly, since Plaintiff has failed to sufficiently allege a continuing violation of federal law, Defendant Caruso's motion to dismiss should also be granted, subject to the filing of an amended complaint.

**E.     Plaintiff should be Permitted to Amend his Complaint to Cure the Deficiencies as to Defendant Caruso Only**

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course. . .before being served with a responsive pleading." Plaintiff has already filed a First Amended Complaint and must, therefore, seek leave of the court or the opposing parties' written consent for any further amendments. Fed. R. Civ. P 15(a)(2). "The court should freely grant leave when justice so requires." *Id*.

Although the undersigned recommends dismissal of Plaintiff's claims against Defendant Caruso, plaintiff should be granted leave to file a Second Amended Complaint if he can set forth specific allegations of continuing or threatened violations of federal law against him. Plaintiff should also clearly set forth that only prospective injunctive relief is sought against Defendant Caruso.

**Recommendation**

For the reasons stated above, it is RECOMMENDED that the Motion to Dismiss of Defendants MDOC and Caruso be GRANTED, but that Plaintiff be granted leave to file a Second Amended Complaint including specific allegation(s), if any, of continuing or threatened violations of federal law that may entitle him to prospective injunctive relief as to Defendant Caruso only.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

- 5 -

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address  each issue contained within the objections specifically and in the same order raised.


 S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:   August 13, 2009


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 13, 2009.

S/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon