UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT BURNETT,

    Plaintiff,

    v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA
CARUSO, SUSAN DAVIS, ROY
RYDER, JOSHUA ZUSSMAN,
DONACIANO MARTINEZ, LYNN
SIDUN and STEVEN TROSZAK,

    Defendants.

CIVIL ACTION NO. 08-11764

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE MARK A. RANDON

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S PRO SE REQUEST FOR A PRELIMINARY INJUNCTION (DKT. NO. 58)

On May 17, 2010, Plaintiff filed a three page, hand-written request for preliminary injunction and a memorandum in support thereof. (Dkt. No. 58). Defendant has been represented by counsel from the law firm of Rader, Fishman and Grauer PLLC since April 15, 2010 (Dkt. Nos. 53, 71); however, Plaintiff's post-representation request for injunctive relief was filed *pro se*. While Plaintiff's handwriting is difficult to read, his request seeks the following court intervention: (1) replacement of books, magazines and a television that Defendant deliberately destroyed; (2) transfer to a federal prison for his protection; (3) appointment of outside agencies to investigate the criminal acts of the Michigan Department of Corrections ("MDOC"); (4) proper medical treatment and other requested help; (5) access to law books, policies, and carbon paper needed to do legal work; and (6)

- 1 -

appointment of "real" counsel who will help him unlike his present lawyers. Plaintiff's request for "real" counsel was filed within five weeks of their appearance in the case. Of Plaintiff's six grounds for injunctive relief, only his request for medical treatment has the potential for being meritorious. However, for the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's request for preliminary injunctive relief be **DENIED**.

A. Analysis

### 1. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy which would be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites to be met, but must be balanced to determine whether preliminary injunctive relief is appropriate. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

As to the first factor, at this stage in the litigation, Plaintiff has not shown a strong or substantial likelihood of success on the merits. Plaintiff seeks medical treatment (i.e., high blood pressure medication), which he claims has been denied. However, the denial of medical treatment is not even included in his complaint allegations, which involve two

alleged assaults against him on April 18 and 28, 2006. Second, Plaintiff's request apparently indicates that the prison has placed him on psychiatric medication for his alleged *refusal* to take his blood pressure medication in the past and, it appears, he is currently receiving medication for his blood pressure. The courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo,* 457 U.S. 307, 321 (1982). "Where [as here] a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976). As such, Plaintiff's allegations also do not rise to the level of "irreparable injury," because Plaintiff is receiving the necessary blood pressure medication, and there is no indication that the prison intends to stop providing the medication. Since neither the third nor fourth factors militate in favor of court intervention, the undersigned suggests that Plaintiff's requested injunctive relief would be inappropriate and should be denied. Plaintiff has counsel who can and should submit any future request for injunctive relief.

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's request for a preliminary injunction (Dkt. No. 58) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United*

*States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2010

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 27, 2010, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*  
(313) 234-5542