UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT BURNETT,

        Plaintiff,

v.                                                  Case Number 08-11764
                                                      Honorable David M. Lawson
                                                        Magistrate Judge Mark A. Randon

MICHIGAN DEPARTMENT OF CORRECTIONS,
PATRICIA CARUSO, Director of MDOC,
SUSAN DAVIS, Warden, ROY RYDER,
Deputy Warden, JOSHUA ZUSSMAN, Officer,
DONACIANO MARTINEZ, Officer, LYNN
SIDUN, Officer, and STEVEN TROSZAK, Officer,

        Defendants.
_____/

## ORDER DIRECTING PERSONAL REPRESENTATIVE OF PLAINTIFF'S ESTATE TO MOVE FOR SUBSTITUTION OF PARTY

On February 13, 2012, defendant Sidun filed a statement of death, indicating that plaintiff Everett Burnett had passed away. Federal Rule of Civil Procedure 25 allows the court to substitute "the proper party" where death of a party does not extinguish the claim. Fed. R. Civ. P. 25(a)(1). A section 1983 claim is not extinguished by death. *See Robertson v. Wegmann*, 436 U.S. 584, 588 (1978); Mich. Comp. Laws § 600.2921. The capacity of an individual to sue is "determined by the law of the individual's domicile." Fed. R. Civ. P. 17(b). In Michigan, a claim for damages resulting from injury survives the death of the injured person. *See* Mich. Comp. Laws. § 600.2921. Such claims may only be brought "by, and in the name of, the personal representative of the estate of the deceased person." Mich. Comp. Laws § 600.2922(2).

"A motion for substitution may be made by any party or by the decedent's successor or representative." However, "[i]f the motion is not made within 90 days after service of a statement

noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Therefore, the Court will require the personal representative of the plaintiff's estate to move for substitution within ninety days.

Accordingly, it is **ORDERED** that the personal representative of the plaintiff's estate must move for substitution **on or before May 17, 2012** or the case will be dismissed.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 17, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL